UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL PUTMAN, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:24-CV-1402-SEG |
| J.C. MCDANIEL CONSTRUCTION, LLC, CRYSTAL CREEK INERT LANDFILL, LLC, and JERRY C. MCDANIEL, JR., | |
| Defendants. | |

# MEMORANDUM OPINION

This Fair Labor Standards Act ("FLSA") and breach of contract case is before the Court on Plaintiff's motion for leave to file a supplemental complaint (Doc. 50) and Defendants' motion to strike paragraphs 78-79 of Plaintiff's proposed supplemental complaint. (Doc. 62.) On June 12, 2025, the Court orally granted the former motion (Doc. 50) and denied the latter motion (Doc. 62.) This memorandum opinion explains the Court's reasoning.

## I. Plaintiff's motion for leave to file a supplemental complaint

For several years, Plaintiff worked as a sales representative for Defendants J.C. McDaniel Construction, LLC, Creek Inert Landfill, LLC, and Jerry C. McDaniel, Jr. (Second Am. Compl., Doc. 43 ¶ 19.) In this case, Plaintiff has sued Defendants alleging, *inter alia*, failure to pay overtime wages

in violation of 29 U.S.C. §§ 207 and 215, unlawful retaliation in violation of 29 U.S.C. § 215, and breach of an employment contract.

This lawsuit was filed on April 1, 2024.  Plaintiff has thus far amended his complaint twice.  First, on June 4, 2024, Plaintiff amended his complaint to bring new allegations that Defendants' counterclaims had been asserted for the purpose of retaliating against Plaintiff for filing this action.  (Doc. 17 ¶ 2.)  Second, on October 16, 2024, Plaintiff was granted leave to amend to add a claim for breach of contract and to include additional allegations relating to joint employment under the FLSA.  (Doc. 43.)

On February 18, 2025, Plaintiff moved to file a supplemental complaint, pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, to add new factual allegations and to request additional damages in connection with his FLSA retaliation claim.  The proposed amendment came following Plaintiff's discovery of "new information" regarding an alleged "act of retaliation that occurred during the course of this litigation and after all previous amended complaints were filed."  (Doc. 50-1 at 1.)  Specifically, Plaintiff contends that on February 13, 2025, Plaintiff's counsel received information showing that, on November 26, 2024, Defendant McDaniel filed a criminal complaint against Plaintiff, in which Mr. McDaniel falsely accused Plaintiff of larceny.  (*Id.* at 2; Doc. 50-3.)  According to Plaintiff, Mr. McDaniel's actions in this regard

constituted additional, unlawful retaliation, taken in response to Plaintiff's pursuit of this case. Plaintiff further argues that it would be inefficient for Plaintiff to file a separate federal action to challenge this new, alleged act of retaliation. (Doc. 50-1 at 5.)

Defendants respond that "as a general matter, [they] do not oppose Plaintiff's attempt to file a Supplemental Complaint." (Doc. 61 at 3.) However, as discussed below, they ask the Court to strike certain portions of the proposed complaint before accepting it. (*Id.*)

Pursuant to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Further, a court should deny leave to amend only "where there is [a] substantial ground for doing so, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (quoting *Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 860 (11th Cir. 1982)).

Rule 15(d), in turn, governs supplemental pleadings, which deal with events that occur after a pleading has been filed. *See* Fed. R. Civ. P. 15(d).

Rule 15(d) provides in part that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Courts routinely apply Rule 15(a)'s "freely given" standard to Rule 15(d) motions to supplement. *See, e.g., Hammed v. Camden Dev., Inc.*, No. 1:23-CV-04040-SEG-WEJ, 2023 WL 11937902, at *3 (N.D. Ga. Oct. 31, 2023); *Home Depot U.S.A., Inc. v. Air Pros, LLC*, No. 1:21-CV-02053-JPB, 2021 WL 5038830, at *2 (N.D. Ga. Oct. 28, 2021). "The standard under Rule 15(d) is 'essentially the same' as that under 15(a), and leave to supplement should be granted unless it causes undue delay or undue prejudice." *Wilcoxson v. Physician's Aesthetics*, No. 1:19-CV-1041-SCJ, 2019 WL 8277257, at *1 n.2 (N.D. Ga. Oct. 15, 2019) (internal quotations omitted).

In this case, the Court finds good cause to allow the supplemental complaint. Plaintiff did not delay in bringing this motion. It was filed within a week of Plaintiff's counsel obtaining the criminal complaint filed against Plaintiff. (Doc. 50-1 at 2.) The Court further considers that granting the motion would be unlikely to delay the proceedings. To the contrary, this case is still in the discovery phase, and Plaintiff represents that he requires no additional discovery on the new facts raised in the proposed supplemental

complaint. (*Id*. at 4.) Neither will the supplemental complaint cause prejudice to Defendants, since the new allegations concern a discrete, alleged act (*i.e.* the filing of a criminal complaint) of which Mr. McDaniel allegedly has knowledge. For the foregoing reasons, the Court grants Plaintiff's motion for leave to file a supplemental complaint.

## II. Defendants' motion to strike Paragraphs 78-79 of Plaintiff's proposed supplemental complaint

While Defendants do not object, in general, to Plaintiff's motion to amend, they do object to the inclusion of paragraphs 78-79 in the proposed, supplemental pleading. (Doc. 61.) Defendants thus move to strike these two paragraphs from Plaintiff's proposed complaint. (Doc. 62.)

The paragraphs in question concern allegations that Defendant McDaniel previously "framed" another, former employee, David Smith, for a criminal offense, and that Mr. McDaniel did so in an act of retaliation against Mr. Smith. (Proposed Supp. Compl., Doc. 50-2 ¶¶ 78-79.) Specifically, Paragraphs 78 and 79 state as follows:

> 78. This is not the first time that Mr. McDaniel has filed a false and malicious criminal complaint against a former employee. In 2022, he framed another former employee, David Smith, for felony theft, which resulted in felony criminal charges being brought against Smith. That charge that was ultimately dismissed when Smith produced documentary evidence of his ownership of the property that McDaniel had falsely accused him of stealing. Plaintiff was a witness to McDaniel's acts of placing dirtied company stickers on the falsely alleged stolen

5

> property and then calling law enforcement to report it stolen. McDaniel made this false criminal complaint against Smith in retaliation for Smith filing a report with the Environmental Protection Agency informing the agency of federal environmental regulatory violations at Crystal Creek.
>
> 79. McDaniel later explained to Plaintiff, "if he [i.e. Smith] hadn't [f****d] with me, I wouldn't have gone after him."

(Doc. 50-2 ¶¶ 78-79.)

Defendant McDaniel "unequivocally denies these allegations," which he characterizes as "fabricated claims designed to prejudicially harm his reputation and to inflame a jury." (Doc. 62-1 at 4.)  Defendants present the Court with text messages that purport to show that Plaintiff also thought Mr. Smith engaged in criminal conduct. (Doc. 62-2.) They urge the Court to "strike the[ ] allegations of criminality from the record" and "preclude Plaintiff from transforming a jury trial on this FLSA case into a mini-trial about allegations that have nothing to do with Plaintiff." (Doc. 62-1 at 2.)

A motion to strike material contained in pleadings is governed by Rule 12(f) of the Federal Rules of Civil Procedure.

Rule 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are disfavored and viewed as a "drastic remedy to be resorted to only when required for the purposes of justice." *TracFone Wireless, Inc. v. Zip Wireless Prod., Inc.*, 716 F. Supp.2d

1275, 1290 (N.D. Ga. 2010) (quoting *Stephens v. Trust for Pub. Land*, 479 F. Supp.2d 1341, 1346 (N.D. Ga. 2007)). "'Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts.'" *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). A motion to strike should be granted "'only when the pleading to be stricken has no possible relation to the controversy.'" *See id*. "[W]hen there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." *Augustus*, 306 F.2d at 868.

Defendants offer several reasons to strike the above-referenced paragraphs. None is persuasive.

First, Defendants say the allegations in paragraphs 78 and 79 are untrue (Doc. 62-1 at 4), but that is not a call the Court can make at this stage. "'[P]leadings are only allegations, and allegations are not evidence of the truth of what is alleged.'" *Jordan v. Comcast Cable Commc'ns Mgmt., LLC*, No. 1:14-CV-03622-WSD, 2015 WL 4164826, at *3 (N.D. Ga. July 9, 2015) (quoting *Wright v. Farouk Sys., Inc.*, 701 F.3d 907, 911 n. 8 (11th Cir.2012)).

"A disputed question of fact[,]" moreover, "cannot be decided on motion to strike." *Augustus*, 306 F.2d at 868.

Second, Defendants argue that the allegations in paragraphs 78 and 79 are irrelevant and inadmissible. (Doc. 62-1 at 3, 5-8, 10-13.) They contend that the circumstances under which Mr. McDaniel made a report to the police about Mr. Smith and the circumstances under which Mr. McDaniel made a report to the police against Plaintiff "differ in significant ways[,]" including in that Mr. Smith is not alleged to have made any kind of wage and hour claim. (*Id.* at 6-7.) They further assert that, even if a jury believed Plaintiff's version of events, "such a finding would have no bearing on" Plaintiff's claims. (*Id.* at 8.) Plaintiff responds that now is not the time for the Court to assess the relevance or admissibility of his new allegations, and that he should be permitted to develop the factual basis of his claims in discovery. (Doc. 63 at 4.)

Plaintiff has the better argument. He submits that his new allegations may serve as "me too" evidence showing Mr. McDaniel's intent to retaliate against him. (Doc. 63 at 4-5.) While the Court makes no definitive judgment as to the relevance or admissibility of the alleged "me too" evidence, it cannot find on the present record that the Smith-related allegations have no possible relation to this controversy. *See, e.g., Bell v. Sec'y, Dep't of Veterans Affs.*, No. 22-12698, 2024 WL 1462405, at *6 (11th Cir. Apr. 4, 2024) ("Evidence that

8

coworkers in the plaintiff's protected group were discriminated against may be probative of discriminatory intent."); *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1286 (11th Cir. 2008) (upholding the admission of "me too" testimony from coworkers who shared the same supervisors and were subjected to the same adverse employment decision).

Additionally, Defendants have not shown they will be prejudiced by the inclusion of paragraphs 78 and 79 of the supplemental complaint. "Prejudice is not assumed simply because a moving party finds material in a pleading to be objectionable or offensive." *Jordan v. Comcast Cable Commc'ns Mgmt., LLC*, 2015 WL 4164826, at *3. Defendants argue that the facts alleged at paragraphs 78 and 79 of the supplemental complaint will inflame the jury, but this case is a long way from trial, and nothing in this order prevents Defendants from filing an appropriate motion in limine. Neither does the Court see any reason to believe that failing to strike these two paragraphs would "drastically expand the litigation." (Doc. 71 at 3.) Plaintiff says that he "requires no additional discovery" as to the supplemental allegations, (Doc. 50-1 at 4), and the Court does not intend to permit the Smith-related allegations to devolve into a series of "mini-trials." (*Id.*) The Court, in its discretion, declines to employ the drastic remedy of striking paragraphs 78 and 79 from the supplemental complaint.

9

## III. Conclusion

For the foregoing reasons, Plaintiff's motion for leave to file a supplemental complaint (Doc. 50) is **GRANTED**. Defendants' motion to strike (Doc. 62) is **DENIED**. Plaintiff is **DIRECTED** to file his proposed supplemental complaint (Doc. 50-2) within 10 days of the entry of this order.

**SO ORDERED** this 14th day of July, 2025.

_____
SARAH E. GERAGHTY
United States District Judge